# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **DEANNA MONTIEL**, | : |
| 251 Greene Road | : |
| Martinsville, OH 45146 | : |
| | : **Case No.: 1:19-cv-427** |
| **Plaintiff,** | : |
| | : **Judge** |
| v. | : |
| | : |
| **CEDAR FAIR, L.P.** | : |
| Serve Statutory Agent | : |
| Richard L. Kinzel | : |
| One Causeway Drive | : |
| Sandusky, OH 44870 | : **Jury Demand Endorsed Hereon** |
| | : |
| **Defendant.** | : |
| | : |

## COMPLAINT

NOW COMES Plaintiff Deanna Montiel ("Plaintiff") and proffers this Complaint for damages against Defendant Cedar Fair, L.P. d/b/a Kings Island ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (hereinafter, "Title VII") and O.R.C. Chapter 4112, *et seq.*

2. This Court has jurisdiction over Plaintiff's claim under Title VII, as Plaintiff has exhausted all administrative remedies and received a Right to Sue Letter on or about March 8, 2019. (Attached as Exhibit A).

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

4. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

5. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed her job duties there and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

6. Plaintiff Deanna Montiel is an individual, a United States citizen, and a resident of the state of Ohio.

7. At all times relevant hereto, Plaintiff was an "employee" as that term is defined under applicable federal and state law, including but not necessarily limited to Title VII and O.R.C. § 4112.01.

8. Defendant is an Ohio Limited Partnership doing business in the Southern District of Ohio.

9. At all times relevant hereto, Defendant was an "employer" as that term is defined under applicable federal and state law, including but not necessarily limited to Title VII and O.R.C. § 4112.01.

## FACTUAL BACKGROUND

10. Plaintiff most recently began working for Defendant in August 2017. Plaintiff worked in a Coaster Crew Carpenter position.

11. Early on in Plaintiff's employment, her direct supervisor, Jeff Nelson, began sexually harassing her. For instance, in the fall of 2017, Mr. Nelson smacked Plaintiff's buttocks while she

was performing her job. Plaintiff was highly offended by Mr. Nelson's conduct and told him to stop immediately.

12. Throughout Plaintiff's approximately 9 month employment with Defendant, Mr. Nelson smacked Plaintiff's buttocks no less than four more times. In each of those situations, Plaintiff became extremely upset with Mr. Nelson and instructed him to stop. Mr. Nelson's continued touching of Plaintiff impacted her ability to do her job.

13. Mr. Nelson also made sexually explicit comments to Plaintiff.

14. In or around January 2018, Mr. Nelson said to Plaintiff, "your boobs are looking bigger."

15. Throughout Plaintiff's employment Mr. Nelson made other offensive comments, including, "you're my girl and I'm going to keep you with me," and "[i]f you were my girl, I'd cook you."

16. On one occasion Mr. Nelson asked Plaintiff if she wore a bikini to her son's Make-A-Wish trip.

17. On multiple occasions, Mr. Nelson sang sexually explicit song lyrics directly at Plaintiff.

18. Mr. Nelson also witnessed another employee of Defendant, Anthony l/n/u, grab Plaintiff's breast.

19. Plaintiff attempted to report to Mr. Nelson's behavior to his supervisor, Mark Steelman.

20. On several occasions, when Plaintiff began discussing Mr. Nelson's behavior, Mr. Steelman would either walk away from her or cut her off and change the subject.

21. Mr. Nelson became physically aggressive towards Plaintiff when she refused his advances.

22. On one occasion, after Plaintiff refused his advances, Mr. Nelson began throwing pistachio shells at Plaintiff and yelling at her while she was trying to perform her job duties.

23. Additionally, Mr. Nelson began driving at high speeds and very aggressively around the park while Plaintiff was in Mr. Nelson's truck, putting Plaintiff's safety at extreme risk.

24. When Plaintiff advised Mr. Steelman of Mr. Nelson's continued harassment, Mr. Steelman responded to Plaintiff's concerns by making a "cut" gesture with his hand across his neck

25. Plaintiff naturally interpreted Mr. Steelman's gesture to mean that he did not want to hear her complaints and that her complaints would not result in negative consequences for Mr. Nelson.

### COUNT I
### SEX HARASSMENT – HOSTILE WORK ENVIRONMENT

26. Plaintiff incorporates the allegations set forth above as if fully restated herein.

27. As a female, Plaintiff is a member of a protected class.

28. During her employment with Defendant, Plaintiff was subjected to unwelcome sexual harassment.

29. The harassment unreasonably interfered with Plaintiff's work performance or otherwise created a hostile work environment.

30. The employer knew of the charged sexual harassment and failed unreasonably to take prompt and/or appropriate corrective action in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) and the Ohio Civil Rights Act (Ohio Revised Code Chapter 4112).

31. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and is continuing to suffer from a loss of income and benefits and has experienced emotional distress, mental anxiety, and resulting physical conditions for which she should be compensated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks an award against Defendant in an amount equal to the liability, losses, damages, liquidated damages, punitive damages, attorneys' fees, costs, expenses and any other amounts available under the law incurred by Plaintiff for Defendant's violations.

        Respectfully submitted,

        /s/ Bradley L. Gibson
        Bradley L. Gibson (0085196)
        Brian G. Greivenkamp (0095918)
        **GIBSON LAW, LLC**
        9200 Montgomery, Rd., Suite 11A
        Cincinnati, OH 45242
        brad@gibsonemploymentlaw.com
        brian@gibsonemploymentlaw.com
        Ph: (513) 834-8254
        Fax: (513) 834-8253

        *Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)