IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DEANNA MONTIEL, | : | CASE NO.: 1:19-cv-427 |
| | : | |
| Plaintiff, | : | JUDGE MICHAEL R. BARRETT |
| | : | |
| -v- | : | **ANSWER OF DEFENDANT CEDAR FAIR, L.P. TO PLAINTIFF'S COMPLAINT** |
| CEDAR FAIR, L.P., | : | |
| | : | |
| Defendant. | : | **(Jury Demand Endorsed Hereon)** |
| | : | |

Now comes the Defendant, Cedar Fair, L.P., by and through counsel, Reminger Co., L.P.A., and for its Answer to Plaintiff's Complaint hereby states as follows:

1. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

2. Defendant admits it received a Right to Sue Letter. Further Answering, Defendant denies the remaining allegations "as stated" contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegation contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

7. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the Plaintiff began working for defendant as a coaster crew carpenter "apprentice" in August of 2017. Further answering, Defendant denies "as stated" the remaining the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that the Plaintiff was supervised by Jeff Nelson. Further Answering, Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

12. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

13. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

14. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

15. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

16. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

17. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

18. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 18 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

22. Defendant admits that it became aware that Mr. Nelson may have thrown pistachios at the Plaintiff. Further answering, Defendant denies "as stated" the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

### ANSWER TO CLAIM FOR RELIEF

26. Defendant hereby incorporates its answers and denials from Paragraphs 1 through 26 above as if fully rewritten herein.

27. Defendant admits the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 28 of Plaintiff's Complaint and, therefore, denies same for want of knowledge.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

### ANSWER TO PRAYER FOR RELIEF

Defendant denies the allegations set forth in Plaintiff's Prayer for Relief of the Complaint.

### GENERAL DENIAL

Defendant hereby denies any and all allegations not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a cause of action or claim upon which relief can be granted.

2. Plaintiff's claim is barred by the doctrines of unclean hands, waiver, laches, and/or estoppel.

3. Plaintiff's claim is or may be barred by the applicable statute of limitations or are or may be otherwise time barred.

4. Plaintiff was an employee at will.

5. Plaintiff voluntarily resigned.

6. Plaintiff has failed to mitigate her damages, if any.

7. Plaintiff's claim may be barred for failure to exhaust administrative remedies.

8. Plaintiff's claim is barred in whole or in part because of Plaintiff's failure to timely and fully comply with all conditions precedent prior to initiating this action.

9. Plaintiff's claim is barred in whole or in part because Plaintiff consented to the alleged actions.

10. Plaintiff's claim is barred in whole or in part because Plaintiff's alleged injuries resulted from an intervening, superseding cause.

11. Plaintiff's claim is barred in whole or in part because of Plaintiff's contributory negligence.

12. Plaintiff's claim is barred in whole or in part because Defendant's alleged actions were not offensive or harmful to Plaintiff.

13. Plaintiff's claim of harassment is barred because: (1) Defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior, if any; and (2)

Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

14. This Defendant asserts that, assuming arguendo any employee or agent of defendant engaged in any discrimination or other unlawful conduct toward the Plaintiff, Defendant neither knew nor reasonably should have known of unlawful conduct and did not authorize, ratify or consent to any unlawful conduct.

15. This Defendant asserts that at no time did it act purposely, knowingly, deliberately, maliciously, oppressively, intentionally, willfully, wantonly, with any bad faith or with conscious or reckless disregard of Plaintiff's rights.

16. Defendant assets that assuming, arguendo, any employee or agent of defendant engage in any discrimination or other unlawful conduct toward the Plaintiff, that conduct was contrary to Defendant's policies, occurred outside of the scope of any employment or agency relationship, and cannot be attributable to Defendant.

17. Plaintiff's injuries and damages, if any, were caused in whole or in part, by third parties or entities over whom the answering Defendant has no control or duty to control.

18. One or more aspects of Plaintiff's alleged injuries or damages alleged in Plaintiff's Complaint were caused by the acts or omissions of others, whose conduct this answering Defendant had no reason to anticipate and for whose conduct this answering Defendant is and was not responsible.

19. This Defendant asserts that the injury or harm alleged to have been suffered by Plaintiff, at issue in this case, was not foreseeable.

20. This Defendant asserts that even assuming, arguendo, that Plaintiff suffered any damages, the alleged damages were caused by and/or were contributed to by Plaintiff's own acts or failure to act.

21. Plaintiff's punitive damages claim fails as a matter of law.

22. This Defendant reserves the right to raise such further defenses as shall become manifest during completion of discovery.

**WHEREFORE,** Defendant, Cedar Fair, L.P. denies liability in any manner and respectfully requests judgment in its favor with costs to the Plaintiff.

Respectfully submitted,

*/s/ Justin D. Harris*
JUSTIN D. HARRIS (0078252)
DAVID R. HUDSON (0084988)
REMINGER CO., L.P.A.
237 W. Washington Row, 2nd Floor
Sandusky, Ohio 44870
Phone: 419-609-1311
Fax:    419-626-4805
E-Mails: jharris@reminger.com
            dhudson@reminger.com

Counsel for Defendant
Cedar Fair, L.P.

## JURY DEMAND

Defendant hereby demands a jury trial on all triable issues.

Respectfully submitted,

*/s/ Justin D. Harris*
JUSTIN D. HARRIS (0078252)
DAVID R. HUDSON (0084988)
REMINGER CO., L.P.A.
237 W. Washington Row, 2nd Floor
Sandusky, Ohio 44870
Phone: 419-609-1311
Fax:    419-626-4805
E-Mails: jharris@reminger.com
            dhudson@reminger.com

Counsel for Defendant
Cedar Fair, L.P.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **Answer of Defendant Cedar Fair to Plaintiff's Complaint** was send via e-mail on this 2nd day of August, 2019 to the following:

Bradley L. Gibson  
Brian G. Greivenkamp  
GIBSON LAW, LLC  
9200 Montgomery, Rd. Suite 11A  
Cincinnati, OH 45242  
brad@gibsonemploymentlaw.com  
brian@gibsonemploymentlaw.com  

Counsel for Plaintiff

/s/ *Justin D. Harris*  
JUSTIN D. HARRIS (0078252)  
DAVID R. HUDSON (0084988)  
REMINGER CO., L.P.A.  

Counsel for Defendant  
Cedar Fair, L.P.